Shauck, J.
In view of former decisions of this court and of rules which elementary writers have made familiar, the reason for a report of this case will be found in the fact that our conclusion is opposed to that which was reached by the courts below', rather than in the hope of making a valuable addition to juridical literature.
That the words “trustees et cetera” are only descriptive and that the signers of the pote are individually liable according to its terms may be affirmed on the authority'of Titus et al. v. Kyle, 10 Ohio St., 444, and Bank v. Cook, 38 Ohio St., 442. This liability appears to have been recognized when the defendants filed their cross-petition alleging that the note was drawn and executed in its present form by mistake, and that it was intended that the instrument should be .the obligation of the association instead of the defendants, and praying for its reformation so that it should conform to that intention. That is the proper mode of seeking relief on account of mistake. It recognizes the familiar doctrine that mistakes in written instruments are not corrected at law, that in the absence of fraud the written stipulations of parties must stand until' they are corrected in equity where the facts necessary to reformation are found by the court instead of a jury, and where there is required evidence of greater probative effect than a mere preponderance. The judgment of the circuit court being unreversed concluded the inquiry as to *185 mistake in the execution of the instrument. The record shows that the last trial in the court of common pleas proceeded as though upon appeal from the judgment of the circuit court dismissing the cross-petition to a jury in the court of common pleas. Not only was such a retrial of the issues as to mistake wholly unauthorized but the judgment of the circuit, court upon that question when the case was before it on appeal left no issue for trial. True the answer contains a general denial of the allegations of the petition and an inferential averment that the note was executed without consideration. But these portions of the an-, swer are argumentative merely. They are unavailing in view of the express admissions of the same pleadings that the defendants executed the note, and that it was given in renewal of a former note for the purchase price of land sold and conveyed by the payee, and the implied admission that no portion of it had been paid. There is nothing of merit in the answer except the allegations of mistake in the instrument with the prayer for its reformation on that ground. As to those allegations the adverse judgment of the circuit court on the appeal was final and nothing remained to be dope but to apply the law to a state of facts thus conclusively established by the admissions of the parties and the judgment of the circuit court. The record does not permit the view that the case, was finally tried as if upon other issues. However forcibly the testimony of the defendants themselves may have tended to show that the circuit court should have reformed the note according to the prayer of their cross-petition, it affirmatively shows that without such reformation the plaintiff is entitled to recover.

Judgments of the circuit court and common pleas courts reversed and judgment' for the plaintiff.

Minshall, C. J.; Williams, Btjrket, Spear and Davis, JJ., concur.